UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CEDRIC HARRINGTON, INDIVIDU-
ALLY AND ON BEHALF OF ALL
OTHERS SIMILARILY SITUATED;**

  *Plaintiff*,

v.                                                     Case No. SA-21-CV-00012-JKP

**AT&T SERVICES, INC., SOUTH-
WESTERN BELL TELEPHONE
COMPANY, L.P.,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants AT&T Services and Southwestern Bell Telephone Company's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim and Plaintiff Cedric Harrington's Response. *ECF Nos. 5, 11, 13*. Upon consideration, AT&T Services and Southwestern Bell Telephone Company's (collectively "the AT&T Defendants") Motion to Dismiss for Failure to State a Claim is GRANTED.

### FACTUAL BACKGROUND

Plaintiff Cedric Harrington is a former opt-in plaintiff in a decertified collective action previously filed in the United States District Court for the Northern District of Texas. *See Mosley-Lovings v. AT&T Corp.*, No. 3:18-cv-01145-B (N.D. Tex.), decertified on Apr. 6, 2020 ("Mosley-Lovings" suit). In the Mosley-Lovings suit, the plaintiffs asserted violations of the Fair Labor Standards Act (FLSA) against the AT&T Defendants for failure to pay required overtime

premium payments. Upon decertification of the asserted class, the Mosley-Lovings Plaintiffs represented to the court they "intend[ed] to pursue each of their claims for weekly and daily unpaid overtime in individual actions, or in small groups of less than ten employees, if and where appropriate to serve the interests of judicial economy." *Mosley-Lovings*, *ECF No. 133 at p. 4*. The Mosley-Lovings Plaintiffs specifically requested the opt-in plaintiffs be dismissed without prejudice "to refile their individual claims." *Id.* On April 6, 2020, the Mosley-Lovings Court issued an order decertifying the class and dismissing the opt-in plaintiffs "without prejudice to refile their own claims." *Mosley-Lovings*, *ECF No. 178*.

After the Court decertified the class in the Mosley-Lovings suit, on July 2, 2020, Harrington and eight other former Mosley-Lovings opt-in plaintiffs filed suit in this Court against the same AT&T Defendants. *See Harrington et al v. Southwestern Bell Telephone L.P. et al*, No. 5:20-cv-00770-JKP-RBF ("Harrington #1"). In Harrington #1, Harrington and the other individual plaintiffs filed suit for violation of the FLSA based upon the AT&T Defendants' alleged failure to pay call center workers for overtime hours worked. Specifically, the Harrington #1 Plaintiffs alleged they worked as hourly-paid, non-exempt call center employees pursuant to the terms of a collective bargaining agreement. The Harrington #1 Plaintiffs alleged they routinely worked over 40 hours per week but were not paid for all hours worked. Pursuant to "a decision, policy, or plan/practice," the AT&T Defendants required the named Plaintiffs to work unpaid hours before and after their scheduled shifts that were not represented on their time clocks. Defendants also improperly calculated the number of hours worked, resulting in lack of credit for actual hours worked. The Harrington #1 Plaintiffs alleged these wrongful practices resulted in them not being "paid for all hours worked in excess of 40 in a week, in violation of the FLSA."

On October 30, 2020, which was the Scheduling Order deadline to seek leave to amend pleadings, the Harrington #1 Plaintiffs moved for leave to file an amended complaint seeking to add a cause of action for breach of contract based on the Collective Bargaining Agreement ("CBA") between the AT&T Defendants and the Communications Workers of America (the "Union"). *Harrington #1, ECF No. 20*. On December 2, 2020, Magistrate Judge Farrer held a hearing on the Motion for Leave to Amend. *Id.* at *ECF No. 25*. Plaintiffs did not appear at this hearing. At the hearing, Magistrate Judge Farrer explained he would strike the Motion for Leave to Amend as a sanction for the Plaintiffs' failure to appear at the hearing and stated any subsequent attempt to amend would be governed by the more-stringent "good cause" standard under Federal Rule of Civil Procedure 16 ("Rule 16"). *Id.* at *ECF No. 29, pgs. 4-5*. On the same date, Magistrate Judge Farrer issued an Order striking the Motion for Leave as a sanction for failure to comply with a Court order and failure to appear at a scheduled hearing. *Id.* at *ECF No. 27* (the "Sanction Order"). Alternatively, Magistrate Judge Farrer found grounds to deny the Motion for Leave to Amend "because the proposed amendment was futile" based upon the Harrington #1 Plaintiffs' failure to exhaust the CBA's grievance and arbitration procedures without any exception to that jurisdictional exhaustion requirement. *Id*. The Sanction Order instructed the Harrington #1 Plaintiffs that any future motions seeking leave to amend would be governed by Rule 16, and "would need to explain—with supporting authority—how [Plaintiffs'] actions are consistent with good cause for failing to amend within the Scheduling Order deadline." *Id.*

Shortly thereafter, Cedric Harrington filed this suit on January 7, 2021, in his individual capacity and on behalf of "others similarly situated." *Harrington v. Southwestern Bell Telephone L.P. et al*, No. 5:21-CV-00012-JKP-RBF (referred to as "Harrington #2), *ECF No. 1*. In this present action, Harrington asserts a cause of action for violation of the FLSA based upon the alleged

failure to pay himself and the same "similarly situated" call center workers for overtime hours worked. *Harrington #2, ECF No. 1.* In support of the FLSA cause of action, Harrington asserts he and "other similarly situated plaintiffs" routinely worked over 40 hours per week but were not paid for all time worked. *Id.* Harrington alleges he would occasionally work less than 40 hours in a given workweek but still work in excess of 8 hours on one or more days during those workweeks. *Id.* "Pursuant to a decision, policy, or plan/practice, Defendants suffered or permitted Plaintiffs to work many hours of straight time and overtime without compensation. Plaintiff seeks to bring an action under the FLSA for all overtime minutes worked, but not paid, in workweeks where Plaintiffs were paid for at least 40 hours of work time and specifically exempting from the putative collective all plaintiffs in the *Mosley v. AT&T* progeny cases." *Id.*

In his Complaint, Harrington also asserts a cause of action for violation of the Labor Management Relations Act (LMRA). The LMRA cause of action is based upon the same factual allegations asserted in support of the breach of contract cause of action in the requested Amended Complaint in Harrington #1. In Harrington #2, however, Harrington does not assert a breach of contract cause of action, but rather a violation of the LMRA. In addition, Harrington asserts this LMRA cause of action as a purported class action which could include the other *Harrington #1* plaintiffs. *Id.*

The AT&T Defendants move to dismiss this suit pursuant to Federal Rule 12(b)(6) under the "claim-splitting" doctrine. The AT&T Defendants contend this suit involves the same parties, causes of action and is based upon the same facts as Harrington #1, and therefore, is barred.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim show-

ing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the motion to dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## DISCUSSION

The rule against claim splitting requires a plaintiff assert all claims arising out of a single wrong in one, single action. *Saldivar v. Austin Indep. Sch. Dist.*, 2016 WL 7410744, at *2 (W.D. Tex. Dec. 20, 2016) (quoting *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-CV-I-168, 2009 WL

5

305874, at *4 (N.D. Tex. 2009)). The purpose of the rule against claim splitting is to "protect the defendant from being harassed by repetitive actions based on the same claim," such as where a plaintiff files a second suit to circumvent a denied attempt to add a claim or amend a Complaint in a previously filed action. *Saldivar*, 2016 WL 7410744, at *2 *(*quoting *Matter of Super Van Inc.*, 93 F.3d 366, 371 (5th Cir. 1996)); *see also Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.,* 95 F.3d 358, 362 (5th Cir. 1996). The rule against claim splitting is related to the doctrine of claim preclusion, which prohibits a plaintiff from litigating a claim that should have been brought in an earlier suit where a court of competent jurisdiction renders a final judgment on the merits. *Saldivar*, 2016 WL 7410744, at *2 (W.D. Tex. Dec. 20, 2016). Unlike claim preclusion, the rule against claim splitting does not require a final judgment in a previous action. *Id.*; *see also Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985).

Consequently, the rule against claim splitting applies when two subject suits are based on the same nucleus of operative facts, that is, when the subject claim asserted in the second action involves the same parties and arises out of the same transaction as the claim asserted in the first action. *Philpot v. Emmis Operating Co.*, 1:18-CV-816-RP, 2019 WL 5149863, at *6 (W.D. Tex. June 25, 2019). Thus, the focus of determination is whether the subject claims share a common factual predicate, not whether the plaintiff relies on the same legal theories or seeks the same relief. *Houston Prof. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). Determining whether two actions arise out of the same factual predicate requires a case-by-case analysis of the fact in each action. *Id.* (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)). Some factors that may be relevant include "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or us-

age." *Id.* (internal quotation marks omitted). If these factors are present, the second suit, or if separable, the claims that should have been asserted in a previous action, must be barred under the rule against claim splitting. *Saldivar*, 2016 WL 7410744, at *2 (quoting *Ameritox, Ltd.*, 2009 WL 305874, at *4).

Thus, under the rule against claim splitting, denial of a Motion for Leave to Amend a Complaint in an earlier-filed action precludes a plaintiff from filing a second suit to assert the same cause of action it attempted to bring in the earlier-filed action. *Ameritox, Ltd.*, 2009 WL 305874, at *4-6. In such cases, the second suit should be dismissed. *Id.*; *Friends of the Earth, Inc.*, 95 F.3d at 362 (quoting *Oliney*, 771 F.2d at 859.

This action was brought by Cedric Harrington, a plaintiff in Harrington #1, and is filed by the same attorneys against the same defendants as those in Harrington #1. Harrington #2 asserts a virtually identical FLSA claim as Harrington #1, the only difference being this action attempts to be asserted as a collective action for unnamed parties. *Id.* The FLSA cause of action is based on the same factual premise as *Harrington #1*, that is, the AT&T Defendants failed to pay the same non-exempt call center workers for all of their time worked. *Id.* The Complaints in both actions are almost identical and the factual allegations supporting the asserted FLSA causes of action are almost identical. In addition to this FLSA claim, Harrington asserts an LMRA cause of action based upon the same facts that supported his attempted breach of contract claim in the Amended Complaint in Harrington #1.

In light of the foregoing, the Court concludes Harrington's claims in this present action arise out of the same nucleus of operative facts and share a common factual predicate concerning the alleged failure to pay Harrington and the call center workers for all hours worked. Because the claims Harrington asserts in this suit involve the same defendants and arise out of the same

operative facts as those in Harrington #1, Harrington fails to show he is entitled to the requested relief under Federal Rule 8(a)(2), and therefore, this action is barred by the rule against claim-splitting. *See Ameritox, Ltd.*, 2009 WL 305874, at *4-6*. The claim-splitting rule specifically applies under these facts where Harrington filed the second suit as an apparent attempt to circumvent an adverse ruling pertaining to the amendment of complaints. *See id.*

## CONCLUSION

Defendants Motion to Dismiss for Failure to State a Claim is GRANTED.

It is so ORDERED.
SIGNED this 11th day of May, 2021.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE